UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DE'AUNTAYE WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00336-JMS-DML ) |
| MISSY BAGENSKI, et al. | ) ) |
| Defendants. | ) ) |

**Order Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff De'Auntaye White, an inmate at Pendleton Correctional Facility, alleges in this civil rights lawsuit that the defendants failed to provide him with adequate medical care when he was vomiting blood. The defendants moved for summary judgment, contending that Mr. White failed to exhaust his administrative remedies before he filed this lawsuit, and Mr. White did not respond. For the following reasons, the motion for summary judgment is granted.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th

Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind.Univ.,* 870 F.3d 562, 572-73 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

The plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Facts

Consistent with the standard set forth above, the following facts, unopposed by the plaintiff and supported by admissible evidence, are accepted as true.

Pursuant to IDOC policy, an offender grievance program is in place at the Pendleton Correctional Facility. Dkt. 31-1 ¶ 6. The following steps are required for successful exhaustion of this grievance process: (1) an attempt at informal resolution by communicating with staff at the facility, (2) the filing a Formal Grievance, (3) a Level 1 grievance appeal to the Warden or Warden's designee, and (4) a Level 2 grievance appeal to the Department Grievance Manager. *Id.* ¶ 7.

A review of Mr. White's grievance history reveals that he filed one formal grievance related to his complaints in this case, on January 4, 2021. *Id.* ¶ 10; dkt. 31-2. Mr. White's grievance noted that the date of the incident in question was December 13, 2020. *Id.* According to the grievance policy, formal grievances must be submitted within 10 working days of the date of the incident. Dkt. 31-1 ¶ 11. Because Mr. White's grievance was submitted more than 10 days after December 13, 2021, his grievance was considered untimely and was returned to him. *Id.*; dkt. 31-3.

## III. Discussion

The defendants seek summary judgment arguing that because Mr. White did not file a timely formal grievance, he has failed to exhaust his available administrative remedies.

The PLRA requires that a prisoner exhaust her available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands

3

compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

It is undisputed that Mr. White filed a grievance on January 4, 2021, stating that the date of the incident was December 13, 2020. Dkt. 31-2. This was beyond the 10-business-day deadline in the grievance policy. By failing to respond to the motion for summary judgment, Mr. White has failed to designate evidence that he did file a timely grievance. Therefore, it is undisputed that Mr. White failed to exhaust his available administrative remedies before he filed this lawsuit.

### IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [29], is **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 12/13/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DE'AUNTAYE WHITE
248911
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Sarah Jean Shores-Scisney
KATZ  KORIN CUNNINGHAM, P.C.
sshores@kkclegal.com